UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR QUINTERO,<br><br>               Plaintiff,<br><br>     vs.<br><br>OFFICER ZAVALA ET AL<br>FOOTHILL STATION L.A.P.D.<br>PATROL DIVISION,[1]<br><br>               Defendant. | Case No. CV 13-5314-DOC (DTB)<br><br>ORDER TO SHOW CAUSE |

     Plaintiff, while incarcerated at North Kern State Prison in Delano, California filed a pro se civil rights action after being granted leave to proceed without the prepayment of full filing fee. The gravamen of plaintiff's claims was that he was the victim of an unreasonable search and seizure (Complaint at 5), in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

---

[1]     The Court notes that plaintiff's caption reads: "Officer Zavala et al Foothill Station L.A.P.D. Patrol Division." However, the Complaint itself only names Officer Zavala as the sole defendant.

1

1    Specifically, plaintiff alleged that on May 2, 2013, while walking down a
2 public street, he was "ambushed," at gun point, by Officer Zavala and his partner.
3 (Id.)  Plaintiff alleged that in fear for his life, he panicked and ran to seek refuge.
4 (Id.)  Plaintiff further alleged that after Officer Zavala and his partner caught him,
5 they began questioning him and punching his face and body until he became
6 unconscious.  (Id.)  Once plaintiff regained consciousness, Officer Zavala and his
7 partner began "taunting and surgically admonishing [him] to confess to unknown
8 crimes and [his] membership in the local street gang."  (Id.)  Thereafter, plaintiff
9 became unconscious for a second time, regaining consciousness, and being asked
10 questions by hospital personnel regarding his "tripping" and "falling" injuries.  (Id.)
11    The Complaint purported to be brought pursuant to 42 U.S.C. § 1983.  Named
12 in the Complaint as the sole defendant in his official capacity was Los Angeles Police
13 Department Officer Zavala.
14    In accordance with the terms of the "Prison Litigation Reform Act of 1995"
15 ("PLRA"), the Court screened the Complaint prior to ordering service for purposes
16 of determining whether the action was frivolous or malicious; or failed to state a
17 claim on which relief might be granted; or sought monetary relief against a defendant
18 who was immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42
19 U.S.C. § 1997e(c)(1).
20    After careful review and consideration of the Complaint under the foregoing
21 standards, the Court found that it suffered from pleading deficiencies and dismissed
22 the same with leave to amend on August 15, 2013.  On October 10, 2013, plaintiff
23 filed a First Amended Complaint ("FAC").  Named as the sole defendant in the FAC
24 was Officer Zavala, who was alleged to be employed by the Los Angeles Police
25 Department.  Plaintiff failed to mark the capacity in which he was suing Officer
26 Zavala. (FAC at 3.)  As best the Court could glean from the allegations of the FAC,
27 the gravamen of plaintiff's claims remained essentially the same.
28 / / /

1  Again, in accordance with the PLRA, the Court screened the FAC prior to
2  ordering service for purposes of determining whether the action was frivolous or
3  malicious; or failed to state a claim on which relief might be granted; or sought
4  monetary relief against a defendant who was immune from such relief. See 28 U.S.C.
5  §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

6  After careful review and consideration of the FAC under the foregoing
7  standards, the Court found that it suffered from pleading deficiencies and dismissed
8  the same with leave to amend on October 18, 2013. On January 15, 2014, plaintiff
9  filed a Second Amended Complaint ("SAC"). Named as a defendant in the SAC in
10 his individual capacity was Officer Zavala. Also named as defendants, in their
11 official capacity was the City of Los Angeles and the Los Angeles Police Department,
12 Foothill Station. Plaintiff also named as a defendant Officer Zavala's partner, named
13 as John Doe, however, plaintiff failed to mark the capacity in which he was suing
14 Officer Zavala's partner. (SAC at 3-4.) As best the Court could glean from the
15 allegations of the SAC, the gravamen of plaintiff's claims remained essentially the
16 same as those of the Complaint and FAC.

17 On January 23, 2014, the Court ordered service of the SAC on Officer Zavala
18 and John Doe, in their individual capacities only. Plaintiff was advised that he need
19 not respond to the Court's Order if he only wished to pursue this action against
20 defendants Officer Zavala and John Doe in their individual capacities. In the event
21 plaintiff desired to pursue an action against any of the other named defendants, within
22 30 days of the date of this Order, plaintiff was to file a Third Amended Complaint.

23 On February 21, 2014, plaintiff filed a Third Amended Complaint ("TAC").
24 Named as defendants in the TAC are five Los Angeles Police Department employees:
25 Officer Zavala, Patrol Detail Duty; John Doe # 2, Patrol Detail Duty; John Doe # 3,
26 / / /
27 / / /
28 / / /

3rd Watch Sergeant; John Doe # 4, 3rd Watch Sergeant; and John Doe # 5, 3rd Watch Sergeant.[2]  (TAC at 3-4.)  As best the Court can glean from the allegations of the TAC, the gravamen of plaintiff's claims remain essentially the same.  Since plaintiff filed a TAC, in an Order dated March 13, 2014, the Court vacated its Orders directing service of the SAC.

On March 18, 2014, the Court ordered service of the TAC on Officer Zavala.  Plaintiff's Notice of Submission of Documents to the United States Marshal was to be filed on or before April 17, 2014.

Plaintiff has failed to file his Notice of Submission of Documents within the allotted time, nor has he requested an extension of time within which to do so.  Accordingly, on or before **June 9, 2014**, plaintiff is ORDERED to (a) show good cause in writing, if any exists, why plaintiff has not filed his Notice of Submission of Documents; or (b) show good cause in writing, if any exists, why plaintiff has failed to serve the defendants within the requisite period of time, as the failure to do so constitutes a basis to dismiss the action against such defendants pursuant to Fed. R. Civ. P. 4(m).  Plaintiff is forewarned that, if he fails to show cause, or otherwise respond to this Court's Order, the Court will construe such unresponsiveness as further evidence of plaintiff's lack of prosecution of this action, and that such lack of prosecution will constitute a basis to dismiss this action in its entirety.

DATED: May 14, 2014

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[2]   The Court notes that plaintiff failed to mark the capacity in which he was suing John Doe # 4 as well as John Doe # 5.  (TAC at 4.)